(66 Misc. Rep. 346.)

### TERRY v. LUCAS.

(City Court of New York, Trial Term. February, 1910.)

LANDLORD AND TENANT (§ 148*)—CONSTRUCTION OF LEASE—TAXES—LIABILITY OF TENANT.

Where a tenant covenanted to pay all taxes during the term on the day the same came due, he was liable for taxes assessed against the property before the expiration of his term, though not yet confirmed, and for the payment of which a personal liability had been fixed, though not a lien on the property.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 520–532; Dec. Dig. § 148.*]

Action on a lease by Wyllys Terry against James Lucas. Judgment for plaintiff.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Terry & Kuper, for plaintiff.
Michael J. Mulqueen, for defendant.

GREEN, J. This is an action submitted for trial by the court without a jury upon a lease made by the testator of the defendant with the plaintiff, and to recover the taxes for the years 1904, 1905, and 1906, and the water rents for the years 1905 and 1906, amounting to $783.-31, and which taxes by the terms of the lease were to be paid by the testator of defendant pursuant to the terms of the lease. The lease was executed December 21, 1896, and was for the term of ten years from May 1, 1897. In 1904 the defendant's testator died, and there were made and executed, with the consent and knowledge of the plaintiff, first, an assignment of the lease by defendants, the executors of the original lessee, to one James A. Mulqueen; and, second, a lease to the said James A. Mulqueen for the unexpired term, and in addition thereto an extension of the lease for a further term of five years at an increased rate.

This action is brought against the executor of the original lessee, upon the ground that the lease was never legally assigned, and that at most the instruments are but extensions, and in no way relieve the original lessee or his legal representatives from liability. The instrument, presented as Exhibit B, recites that "in consideration of one dollar * * * and the assignment and transfer" of the lease in question, and the assumption by the new tenant of all the covenants and conditions of the lease, they extend the lease five years at an increased rental therein mentioned, and the agreement further provides "that all and every the other conditions, covenants, and agreements in said lease contained shall remain in full force and effect between the parties hereto" (the new tenant). Thereafter the relationship of landlord and tenant continued until January 14, 1907, when the assignee of the lease was dispossessed, and in the proceedings to dispossess the tenant plaintiff herein refers to the fact that the lease was assigned. In view of these circumstances I have no hesitancy in arriving at the conclusion that the lease was duly assigned, and that on the 6th day of July, 1904, the relationship of landlord and tenant existing between the plaintiff and defendant's testator was ended.

There were *assessed* against the property in question at the time of the assignment the taxes for 1904, amounting to $143.77. These taxes, however, had not yet been confirmed, and, while they were not a lien upon the property, they fixed a personal liability to pay the tax; and the question now is, in this case, upon whom? The original lease provides that the party of the second part (defendant's testator) shall and will pay and bear and discharge all taxes, etc., "as shall or may during said term hereby granted be charged, assessed, or imposed upon the said premises, on the day the same may become due and payable." This language is clear and unequivocal, and by its terms it is clearly intended to charge the defendant's testator with the taxes after they were assessed, without regard to the date when they became a lien, and this fact is accentuated by the language that the taxes as assessed shall be paid "on the day the same may become due." As to

the taxes and water rates subsequent to 1904 and after the date of the assignment of the lease, when the new tenant went into possession, this defendant is not responsible and cannot be charged, and plaintiff's remedy is against the assignee of the lease. So far as the taxes of 1904 are concerned, however, the case of Buckhout v. City of New York, 82 App. Div. 218, 81 N. Y. Supp. 723, is, in my opinion, decisive as to the question of defendant's liability for the taxes of that year.

In view of the facts and the law applicable to this case I decide and find that the plaintiff is entitled to recover judgment for the taxes for 1904, amounting to $143.77, with interest, and that as to the taxes and water rates for the ensuing years plaintiff is not entitled to recover against the defendant.

Judgment accordingly.